UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEJANDRO A. DELEON,

    Petitioner,

v.

BRYAN D. PHILLIPS, Acting Warden,

    Respondent.

Case No. 23-cv-01862-DMR (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a state prisoner, has filed this *pro se* habeas petition filed pursuant to 28 U.S.C. § 2254. Dkt. 1. Petitioner has paid the full filing fee. Dkt. 4. This action has been assigned to the undersigned Magistrate Judge.

Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including entry of judgment. Appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)(3).

On April 17, 2023, Petitioner consented to magistrate judge jurisdiction in this matter. Dkt. 3.

It does not appear from the face of the petition that it is without merit. Good cause appearing, the court hereby issues the following orders:

1. The Clerk of the Court shall serve electronically a Magistrate Judge jurisdiction consent form, a copy of this order upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

2. Within **twenty-eight (28) days** of the issuance of this Order, Respondent shall complete and file the Magistrate Judge jurisdiction consent form to indicate whether Respondent

consents or declines to proceed before the assigned Magistrate Judge. Respondent is free to withhold consent without adverse consequences. If Respondent consents to a Magistrate Judge's jurisdiction, this case will be handled by the undersigned Magistrate Judge. If Respondent declines, the case will be reassigned to a District Judge. Whether Respondent consents or declines to proceed before the assigned Magistrate Judge, the parties shall abide by the briefing schedule below.

3.  Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the date this Order is filed, an answer to this petition, showing cause why a writ of habeas corpus should not be granted based on Petitioner's cognizable claims. Respondent shall file with the answer and serve on Petitioner a copy of all exhibits that are relevant to a determination of the issues presented by the petition.

4.  If Petitioner wishes to respond to the Answer, Petitioner shall do so by filing a Traverse with the court and serving it on Respondent within **twenty-eight (28) days** of Petitioner's receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **twenty-eight (28) days** after the date Petitioner is served with Respondent's Answer.

5.  Respondent may file with this court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files a motion to dismiss, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition to the motion within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

6.  It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court and Respondent informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss a *pro se* action

without prejudice when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. See L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). Petitioner must also serve on Respondent's counsel all communications with the court by mailing a true copy of the document to Respondent's counsel.

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: June 27, 2023

DONNA M. RYU
Chief Magistrate Judge