UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO A DELEON,<br>Petitioner,<br>v.<br>BRYAN D PHILLIPS,<br>Respondent. | Case No. 23-cv-01862-HSG<br>**ORDER DENYING LEAVE TO FILE AMENDED PETITION**<br>Re: Dkt. No. 12 |

Petitioner, an inmate housed at California State Prison – Corcoran, Substance Abuse Treatment Facility, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court DENIES as moot Petitioner's request for leave to file an amended petition. Dkt. No. 12.

**DISCUSSION**

**I.   Background**

Petitioner commenced this action on or about April 17, 2023, by filing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 docketed at Dkt. No. 1. In the petition, Petitioner specified that he was challenging the sentence imposed by the San Mateo County Superior Court in C No. 16-NF-01144-A. Dkt. No. 1 at 1. Petitioner reported that the sentence was "25 years to life (25L) Gun enhancement." Dkt. No. 1 at 1. The petition listed only one claim for relief:

> Claim One: 12022.53(d) Gun Enhancement. Excessive time I got 25 years to life for using a Gun, but got 15 years to life for second degree murder, I got more time for the Gun
> - I think Both trial and the courts of appeal made a error. I (Defendant) even ask Judge Richard DuBois to drop the 25 years to life enhancement under SB620 Down to 20 years and got denied.

- I feel like the Right to Due Process (fair) sentence was Just Denied, Im already sentence to life for Second Degree murder!

- Before January 1, 2018. Section 1202253 prohibited courts from striking its enhancements.

- People v. Monroe [2023]

Supporting facts: SB620 – SB. 1393 – SB 483. And 1172.75 P.C. 1385(b)(1). Section 1385 Provides that Court may "in furtherance of Justice, order an action to be dismissed." (Id., subd. (a).)  Though section 1385 literally authorizes the dismissal of "an action," it has been construed to permit the dismissal of parts of an action.  My Right to a Due Process (fair) sentence was denied.

Dkt. No. 1 at 5, 6.

On May 8, 2023, Petitioner filed a letter with the Court stating that he had filed two habeas petitions: one challenging his second degree murder conviction and the other challenging his sentence for the gun enhancement; and that he had only received a case number for the petition challenging his second degree murder conviction, C No. 23-cv-1862.  Dkt. No. 5.  Petitioner requested another blank petition for a writ of habeas corpus form so that he could file a separate habeas petition challenging his sentence for the gun enhancement.  Dkt. No. 5.

On June 16, 2023, the Court received another habeas petition from Petitioner, which was opened as a new case, C No. 23-cv-2965.  *See* C No. 23-cv-2965 HSG, *Deleon v. Phillips* ("*Deleon II*"), Dkt. No. 1.  The habeas petition in *Deleon II* is identical to the habeas petition filed in this action.  *Compare Deleon I*, Dkt. No. 1 *with Deleon II*, Dkt. No. 1.

On June 27, 2023, the Court ordered Respondent to respond to the habeas petition filed in this action and show cause why a writ of habeas corpus should not be granted based on Petitioner's cognizable claims.  Dkt. No. 6.

On July 12, 2023, the Clerk's Office staff informed Petitioner via letter that he had two habeas actions pending in this court: this action, C No. 23-cv-01862 HSG ("*Deleon I*"), and *Deleon I*.  The letter noted that the petition in *Deleon II* appeared to be a duplicate of the petition filed in this action.  The letter requested that Petitioner confirm whether he intended to file a duplicate petition in *Deleon II*.  Dkt. No. 10.

On July 28, 2023, the Court administratively closed *Deleon II*, as required by *Woods v. Carey*, 525 F.3d 886, 887–90 (9th Cir. 2008).  *Deleon II*, Dkt. No. 7.  In *Woods*, the Ninth Circuit

1  held that when a *pro se* petitioner files a new petition while an earlier-filed petition is still
2  pending, the district court must construe the new petition as a motion to amend the pending
3  petition rather than as an unauthorized second or successive petition. The Court directed the Clerk
4  to construe the initial petition in *Deleon II* as a request for leave to file an amended petition and to
5  file the request in *Deleon I*. *Deleon II*, Dkt. No. 7; *see also Deleon I*, Dkt. No. 12.

6  On August 1, 2023, Petitioner filed a letter with the Court stating that there was a
7  misunderstanding. He stated that he seeks to file two habeas petitions: a "murder petition"
8  challenging the 15 years-to-life murder conviction and a "gun enhancement petition" challenging
9  the 25 years to life gun enhancement conviction; and that both petitions have the same argument.
10 Dkt. No. 13. Petitioner requested a status update on C No. 23-cv-02965. *Id.*

## II.     Request for Leave to Amended Petition

The Clerk has docketed the *Deleon II* petition in this action as a proposed amended petition, which the Court construes as a request for leave to file an amended petition. Dkt. No. 12. Petitioner has informed the Court that the proposed amended petition, Dkt. No. 12, is identical to the petition filed in this case, Dkt. No. 1, with the only distinction being that Dkt. No. 1 challenges Petitioner's second-degree murder conviction and Dkt. No. 12 challenges Petitioner's gun enhancement conviction. As explained below, because the second-degree murder conviction and gun enhancement conviction arise from the same judgment, Petitioner must challenge both convictions in *Deleon I*. The Court DENIES as moot the request for leave to file an amended petition because the amended petition is identical to the operative petition. Dkt. No. 12.

Petitioner is in custody pursuant to a conviction for second-degree murder (Cal. Penal Code § 187(a)) and possession of a firearm as a felon (Cal. Penal Code § 29800(a)(1)), and an enhancement for personal use of a firearm causing death (Cal. Penal Code § 12022.53(d)), and was sentenced to a total indeterminate prison term of 42 years to life. The overall 42 years to life sentence was composed in part of (1) 15 years to life for the second degree murder conviction and (2) a consecutive term of 25 years to life for the firearm enhancement. *See People v. Deleon*, C No. A159925, 2022 WL 2127592, *1, *8 (Cal. Ct. App. Jun. 14, 2022). Although the second-degree murder conviction and the firearm enhancement conviction were given separate sentences,

3

1  both the second-degree murder conviction and the firearm enhancement conviction are part of the
2  same overall conviction and judgment.
3        The Court therefore administratively closed C No. 23-cv-02965, *Deleon II*, because *Deleon*
4  *I* and *Deleon II* challenge the same judgment and raise the same argument.
5        Because the second-degree murder conviction, the felon in possession of a firearm
6  conviction, the gun enhancement conviction all arise from the same judgment, Petitioner is
7  required to present challenges to any of these convictions and/or the related sentences in the same
8  habeas petition, with certain exceptions not applicable here. 28 U.S.C. § 2244(b)(2).[1] Petitioner
9  need not, and should not, file separate habeas petitions to challenge the second-degree murder
10 conviction and the firearm enhancement conviction.
11       *Deleon II* presents the same claim as *Deleon I*. 28 U.S.C. § 2244(b)(1) requires that
12 *Deleon II* be summarily dismissed pursuant to 28 U.S.C. § 2244(b)(1) because *Deleon II* presents
13 a claim in a second or successive habeas petition that had been previously presented in a prior
14 habeas petition (*Deleon I*). However, because *Deleon I* was pending at the time *Deleon II* was
15 filed, instead of summary dismissal, the Court was required to construe the new petition filed in
16 *Deleon II* as a motion to amend the pending petition in *Deleon I*. Because *Deleon I* brings the
17 same challenge to the second-degree murder conviction as *Deleon II* brings to the firearm
18 enhancement conviction – that the failure to drop the firearm enhancement violated his due
19 process rights – this action alone suffices to challenge both convictions.[2]
20 //
21 //

---

[1] 28 U.S.C. § 2244(b)(2) provides that a petitioner may present a claim in a second or successive habeas petition that was not presented in a prior petition if (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by Supreme Court that was previously unavailable, or (2) if the factual predicate for the claim could not have been discovered previously though the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and conviction evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

[2] The Court notes that Petitioner's argument challenges only the sentence for the firearm enhancement conviction. Petitioner has not challenged the second-degree murder conviction, the conviction for being a felon in possession of a firearm, or the related sentences.

**CONCLUSION**

For the reasons set forth above, the request for leave to file an amended petition is DENIED as moot because the amended petition is identical to the operative petition.  Dkt. No. 12. The briefing schedule remains unchanged.

This order terminates Dkt. No. 12.

**IT IS SO ORDERED.**

Dated: 12/8/2023

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge